IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Mitchell Sumpter, *a/k/a Mitchell Lee Sumpter*; ~~Christopher Bonds; Jason Bratton; Jamarr Jones; Cornelle Gary; Cedric Brockington~~, | ) ) ) ) | C/A No. 8:14-180-JFA-JDA |
| Plaintiffs, | ) ) ) | REPORT AND RECOMMENDATION |
| vs. | ) ) | *for partial disposition* |
| Georgetown County Detention Center; A. Lane Cribb, Sheriff of Georgetown County; Michael A. Schwartz, Administrator; Major Morton; Capt. Wineglass; Lt. Anderson; Sgt. Harrison; Lt. Clarey; ~~Southern Health Partners~~; Nurse Connie; Nurse Dorean; Dr. Reeves; Chaplain Williams; Food Supervisor Walker; ~~All Maintenance Staff~~; ~~All Lieutenants; All Sergeants; All Corporals; All Officers~~; Sgt. Wragg; Sgt. Harris; Sgt. Dryer; Sgt. Williams; Officer Poincet; Officer Manor; Officer Gibbs; Officer Oliver; Officer Perez; Officer Robinson; Officer Matthews; Officer Washinton; Sgt. Teeter; Mr. Martin; all in their individual capacity and official capacity, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |
| _____ | ) | |

Mitchell Sumpter ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983.  Plaintiff is detained at the Georgetown County Detention Center ("GCDC"), and he files this action *in forma pauperis* under 28 U.S.C. § 1915.  One Defendant, the GCDC, should be summarily dismissed from this action without service of process.

Standard of Review

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and

submit findings and recommendations to the District Court.  Plaintiff filed this action

pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute.  This statute authorizes the

District Court to dismiss a case if it is satisfied that the action "fails to state a claim on

which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against

a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  Further, Plaintiff

is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a

governmental entity or officer or employee of a governmental entity."   28 U.S.C.

§ 1915A(a).  Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with

screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1)

it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2)

seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §

1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held

to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*).  However, even under this less stringent

standard, the pro se pleading remains subject to summary dismissal.  The mandated

liberal construction afforded to pro se pleadings means that if the Court can reasonably

read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but

a district court may not rewrite a petition to include claims that were never presented,

*Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal

arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up

questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d

1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

### Discussion

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

In this case, Plaintiff alleges his constitutional rights have been violated during his detention at the GCDC based on a black mold infestation that threatens his health, deliberate indifference to his serious medical needs, and denial of access to the courts. One Defendant, the GCDC, should be dismissed because Plaintiff fails to state a claim on which relief may be granted against it. GCDC is not a person subject to being sued pursuant to § 1983. It is well settled that only "persons" may act under color of state law, and, therefore, a defendant in a Section 1983 action must qualify as a "person." Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law. *See*

3

*Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-2988-JMC, 2011 WL 2066551 (D.S.C.

May 26, 2011) (finding that a building, detention center, is not amenable to suit under

§ 1983); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims

under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").  The

GCDC is a department, group of buildings, or a facility, and thus it does not qualify as a

"person."  Of course, to the extent Plaintiff may be attempting to sue the staff of the GCDC,

he still fails to state a cognizable claim because groups of people are not amenable to suit

under § 1983.  *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the

medical department of a prison is not a person pursuant to § 1983); *Dalton v. South

Carolina Dep't of Corr.*, C/A No. 8:09-260-CMC-BHH, 2009 WL 823931, at *2 (D.S.C.

March 26, 2009) (dismissing the medical staff of SCDC and Prison Health Services as

defendants because they were not persons).  Additionally, if Plaintiff is attempting to sue

Georgetown County because it employed a person who committed misconduct, he still fails

to state a cognizable claim because the doctrines of vicarious liability and respondeat

superior are not applicable in § 1983 actions.  *See Connick v. Thompson*, 131 S. Ct. 1350,

1359 (2011) (a local government cannot be vicariously liable for its employees' actions);

*Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim

based on a respondeat superior theory of liability.").  Accordingly, this Court should dismiss

GCDC from this action.

### Recommendation

It is recommended that the District Court dismiss the Defendant GCDC from this

action *without prejudice* and *without issuance and service of process*.  *See Neitzke v.*

4

*Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28

U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner

cases to determine whether they are subject to summary dismissal).  This action remains

pending, and service of process is authorized for the remaining Defendants.  **Plaintiff's**

**attention is directed to the important notice on the next page.**


                                          s/ Jacquelyn D. Austin
                                          United States Magistrate Judge

April 9, 2014
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).