IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Mitchell Sumpter, | ) | C/A No. 8:14-CV-0180-JFA-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| A. Lane Cribb, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |

Mitchell Sumpter ("Plaintiff"), proceeding *pro se*, filed this civil action on January 22, 2014, pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. [Doc. 1.] On June 16, 2014, Plaintiff filed a motion for physical and mental examinations and a motion for a temporary restraining order. [Docs. 71, 72.] The Court entered an Order on June 18, 2014, requiring Defendants to respond to the motions [Doc. 73], which Defendants did on June 25, 2014 and June 27, 2014 [Docs. 75, 76, 79, 80.][1] Plaintiff filed a reply to the motions. [Doc. 87.] The motions are therefore ripe for review. The Court has simultaneously entered a separate order addressing the motion for physical and mental evaluation.

In his motion for temporary restraining order, Plaintiff writes that he is "under the impressions that he is being threatened harassed, physically abused by the Defendants." [Doc. 72 at 1.] He claims that officers at the prison have verbally abused him and shown him knives, attempting to cut him. [*Id*. at 2.] Finally, Plaintiff alleges that he was

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Motion for TRO and submit findings and recommendations to the district judge.

threatened with a taser for merely cleaning the walls of his cell that were "engrossed with human waste." [*Id.*] Plaintiff states that he fears for his safety. [*Id*. at 3.]  Plaintiff's accompanying affidavit avers that he was taken to lock up for no reason, but that he was being "plotted upon." [Doc. 72-1 at 3.] He was then transferred back to general population but there was human waste on his cell walls, which was not addressed by the officers. [*Id*.] Plaintiff tried to explain the situation to the officers through his food flap, but he claims they threatened him with a taser and a knife, yet Plaintiff was the one brought before the disciplinary committee after the incident for threatening staff. [*Id*. at 6.] Finally, Plaintiff alleges that he has been denied access to the law library. [*Id*. at 7.]  In a second affidavit, Plaintiff complains that he is being given insufficient nutrition and that he is having bowel problems and weakness as a result. [Doc. 72-2 at 1–2.]

Plaintiff's motions should be denied because under the legal standard adopted by our Court of Appeals, Plaintiff is not entitled to a temporary restraining order or preliminary injunction. *See Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 607 F.3d 355 (4th Cir. 2010)(*per curiam*) ("On further consideration, we now reissue Parts I and II of our earlier opinion in this case, 575 F.3d at 345–347, stating the facts and articulating the standard for the issuance of preliminary injunctions.").  The standard articulated in *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008), now governs the issuance of preliminary injunctions. *See Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342 (4th Cir. 2009), *cert. granted and judgment vacated,* 559 U.S. 1089 (2010). Under the *Winter* standard, Plaintiff must demonstrate "'[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief,

[3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest.'" *Id.* at 346 (quoting *Winter*, 555 U.S. at 20).  All four requirements must be satisfied. *Id.*  Furthermore, to obtain injunctive relief, Plaintiff must demonstrate more than the "possibility" of irreparable harm because the "possibility of irreparable harm" standard is inconsistent with the Supreme Court's characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that a plaintiff is entitled to such relief. *Id.*

Here, Plaintiff has not made a showing to demonstrate that any of the four factors weigh in his favor.  To the extent Plaintiff is alleging he is not receiving proper medical care, his alleged facts indicate that the nurses and doctors have had appointments with him; thus, it appears that he has been provided some medical care, such that his claim for deliberate indifference to a serious medical need is not likely to succeed on the merits. *See Goodman v. Johnson*, 524 F. App'x 887 (4th Cir. 2013) (in the context of prisoner medical care, the Constitution requires only that prisoners receive adequate medical care; a prisoner is not guaranteed his choice of treatment).  Moreover, he fails to point out any specific complaints with his medical care.  Plaintiff also fails to show that he will succeed on the merits because he gives no specific facts that make a showing of deliberate indifference to his medical needs.

As to his Eighth Amendment claims, Plaintiff has failed to demonstrate that he will succeed on the merits.  Plaintiff has not alleged that he has been retaliated against for exercising his constitutional rights, but for attempting to clean his cell.  With respect to Plaintiff's claims about the conditions of confinement and practices at the Georgetown Detention Center, as a pretrial detainee during the time period set forth in the Complaint,

Plaintiff's claims are evaluated under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment, which is used to evaluate conditions of confinement for those convicted of crimes. *See City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983). In any event, "[t]he due process rights of a pretrial detainee are at least as great as the [E]ighth [A]mendment protections available to the convicted prisoner . . . ." *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988). Pretrial detainees, however, have not been adjudicated guilty of a crime and may not be subjected to any form of "punishment." *Id.* To establish that a condition or restriction of confinement is constitutionally impermissible "punishment," a pretrial detainee must show "either that it was (1) imposed with an expressed intent to punish or (2) not reasonably related to a legitimate nonpunitive governmental objective, in which case an intent to punish may be inferred." *Id.* (citing *Bell v. Wolfish*, 441 U.S. 520, 538–40 (1979)).

During the time period set forth in the Complaint, Plaintiff was a prisoner in a county detention center, not a guest in a hotel, and it should be expected that conditions in such a setting are often times less than ideal. *See, e.g.*, *Bell*, 441 U.S. at 537 ("[T]he fact that such detention interferes with the detainee's understandable desire to live as comfortably as possible with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into 'punishment.'"); *Harris v. Fleming*, 839 F.2d 1232, 1236 (7th Cir. 1988) ("Inmates cannot expect the amenities, conveniences and services of a good hotel . . . ."). Plaintiff has failed to allege any significant injury as a result of the conditions of which he complains and has failed to set forth any facts or evidence to establish that the conditions about which he complains resulted in any violation of his

4

constitutional rights. *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) ("In the context of a conditions-of-confinement claim, to demonstrate that a deprivation is extreme enough to satisfy the objective component of an Eighth Amendment claim, a prisoner must 'produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions,' or demonstrate a substantial risk of such serious harm resulting from the prisoner's unwilling exposure to the challenged conditions.") (quoting *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993)). Plaintiff's general and conclusory allegations about the conditions at the jail and his complaints about his meals are insufficient to demonstrate that he is likely to succeed on the merits.

The use of excessive force upon an inmate by correctional officers violates the Fourteenth Amendment due process rights of a pretrial detainee. *Sawyer v. Asbury,* 537 Fed. App'x. 282 (4th Cir. Aug. 13, 2013). To state an excessive force claim, pretrial detainee must show that the defendant "inflicted unnecessary and wanton pain and suffering" on the pretrial detainee. *Id.* (quoting Carr v. Deeds, 454 F.3d 593, 605 (4th Cir. 2006)). The Court must examine whether the force was in "good faith" to "maintain and restore discipline" or whether it was "maliciously and sadistically" inflicted for the purpose of causing harm. *Id.* Here, Plaintiff has not alleged actual harm or that force was applied to him rather than just threatened. Plaintiff has nothing but his bare accusations against Defendants, which themselves lend credence to the fact that Defendants were acting in good faith in requiring Plaintiff to close his food flap, which Plaintiff admits he had tied open. Therefore, the Court finds that Plaintiff has not demonstrated he is likely to succeed on the merits of the claim.

Finally, Plaintiff's complaints regarding the use of the law library, must be addressed through the facilities administrative remedies process before the Court may address Plaintiff's complaint. In any instance, Plaintiff has failed to allege any specific injury as result of his lack of access to the law library. *See Strickler v. Waters*, 989 F.2d 1375, 1385 (4th Cir.1993) (" 'A demonstration of inability to present a legal claim is an essential ingredient of a suit such as this because the prisoner must be able to show that the rules interfered with his entitlement (access to the courts) rather than with a mere instrument for vindicating an entitlement (access to books).' " Plaintiff is unlikely to succeed on the merits of this claim.

Plaintiff has also not alleged any specific facts to demonstrate that he is likely to suffer irreparable harm in the absence of preliminary relief. Plaintiff merely speculates that he is "under the impressions" that he will be harmed by Defendants, rather than provide the Court with specific information as to how he is currently being injured. Plaintiff has not addressed how the balance of equities tip in his favor or how granting his injunction is in the public interest. Plaintiff has not met the requisite test to demonstrate he is entitled to a temporary restraining order.

### Recommendation

Accordingly, it is recommended that the district court deny Plaintiff's Motion for Temporary Restraining Order [Doc. 72]. **Plaintiff's attention is directed to the important notice on the next page.**

                                                        s/ Jacquelyn D. Austin
                                                        United States Magistrate Judge

July 8, 2014
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).